## P. A. TURNER, ADMINISTRATOR, v. W. P. WALLACE ET AL.

### No. 1523.   Decided March 1, 1906.

**Administration—Closing—Reopening by Claimant.**

Where, on removal of and final settlement by an administrator, the administration was declared closed and the property turned over to heirs, it was proper to refuse, and to set aside when improvidently granted, the appointment of an administrator de bonis non, made six years thereafter, for the enforcement of a small allowed claim, $66.66, left undischarged, for the collection of which claimant had, when administration was closed, a remedy by suit against the heirs who had received the estate.   (P. 545.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Bowie County.

Turner obtained writ of error, on the ground that the ruling practically settled the case, from a judgment of the Court of Civil Appeals reinstating an administrator who had been removed.

*Glass, Estes & King,* for plaintiff in error.

*S. J. Henry,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—In this case the judgment of the District Court having been reversed by the Court of Civil Appeals and

the cause remanded to the District Court, this writ of error was granted, as of course, upon the application of plaintiff in error showing that the judgment of reversal practically settled the case, and not because it was thought that the judgment was wrong. The question whether or not the decision of the Court of Civil Appeals was correct depends upon the following undisputed facts:

Plaintiff in error, on July 24, 1901, was appointed administrator de bonis non of the estate of Charles Goldburg, deceased, but did not qualify until February 8, 1902. On that day the defendants in error, Wallace and wife, the latter of whom is an heir of the decedent, filed a motion in the county court for the revocation of the order granting the administration, which motion set up, in substance, the facts to be stated. In August, following, they filed another paper, in terms seeking a review of the order referred to. In February, 1903, the matter having been held in abeyance until then, the county court made its order, revoking its former one, and discharging the plaintiff in error. The facts upon which such action was founded are that the estate had been previously administered by one Redding, during whose administration some claims had been established against the estate, including one for $66.66, besides interest, in favor of Allen Brothers, which was presented more than a year after the opening of the administration. The present defendants in error in April, 1904, made a motion to remove Redding from the administration, and he filed an account or report, styled "A final report and settlement of Joseph Redding, administrator," which showed all the property and money received by him and the disposition made of it, and showed also the property remaining on hand, and that a balance of $9.71 was due to him and $27.10 due on costs to officers, and stated that "he has accounted for all of said estate that has come into his hands," and prayed that the heirs be required to pay the balance due to him and the costs due to the officers, and that "he be discharged from the further responsibility by reason of said administration." On the 25th day of May, 1895, the county court entered its order, reciting the motion to remove the administrator, and that the grounds thereof were sustained, and that Redding had failed to make a final settlement or any settlement within three years of the grant of letters, and that he had now filed his report of settlement showing that he has accounted for the estate that has come into his hands, and adjudging that the administrator "be and he is hereby removed from the administration of the estate of Charles Goldburg, deceased, and that the said administration be and hereby is closed." The notice required to be given by statute for a final settlement were shown by parol evidence not to have been given. The claim of Allen Brothers had not been paid in the administration, but the costs remaining due were paid by the heirs and no effort has been made to enforce the small balance due the administrator. After the order recited, the property left in the hands of the administrator, much more than enough to pay Allen Brothers' claim, was delivered to the heirs and, through a proceeding in the district court and the judgment thereof, was partitioned among them. No effort was made to obtain further administration until the plaintiff in error, in 1901, filed his

application for the purpose of enforcing the claim of Allen Brothers, and nothing appears to have been done by him in the administration between the time of his qualification and the revocation of his appointment. The District Court on appeal reversed the order of the County Court, revoking the grant of administration and reinstated it.

Whether or not the Court of Civil Appeals was right in holding as broadly as it appears to have done that the probate record shows the estate to have been so completely administered and closed as to put it beyond the further jurisdiction of the court and to render any administration had thereafter void in the absolute sense of that term, we need not stop to inquire. In any view that can be taken of the case the judgment of the District Court was properly reversed. Should it be conceded that, if the administration had not been directly attacked and set aside, orders made in it would have been valid against collateral attack, it is still true, we think, that there was no basis in the facts for the proper exercise of the jurisdiction of the court in granting it, and that the court had the power and was under the duty to revoke it upon timely application and a showing of the absence of necessity or justification for it. Fortson v. Alford, 62 Texas, 576; Heath v. Layne, 62 Texas, 694; Vance v. Upson, 64 Texas, 266; Franks v. Chapman, 61 Texas, 283; 18 Cyc. Law and Proc., 151-2; Schouler on Executors, &c., secs. 152, 153.

After the lapse of so long a time from the close of the former administration, during which the property had been divided among and taken possession of by the heirs, it was no proper exercise of its jurisdiction for the court to grant a second administration and thereby consume the property in the expenses thereof merely to enforce a small claim for which the holders had a complete and simple remedy by suit for its collection out of the property which went into the hands of the heirs. Revised Statutes, 1912, 1913, 1927, 1924; Montgomery v. Culton, 18 Texas, 749; Fisk v. Norvel, 9 Texas, 17; Blinn v. McDonald, 92 Texas, 604.

Whether or not that remedy still exists we need not decide, since if it has been lost that fact does not supply a justification for an administration.

The judgment of the Court of Civil Appeals reversing that of the district court is right and, as the application for writ of error is based upon the admission that no better case can be made by plaintiff in error, it becomes the duty of this court, under the statute, to render final judgment. The judgment of this court will therefore affirm that of the Court of Civil Appeals so far as it reverses the judgment below, and will adjudge that the administration granted to plaintiff in error be revoked and set aside and that he be discharged therefrom.

*Rulings of Court of Civil Appeals approved and judgment rendered.*