### HEAGY v. KASTNER.

(Court of Civil Appeals of Texas. San Antonio. June 7, 1911.)

HUSBAND AND WIFE (§§ 79, 203*)—MARRIED WOMEN—RIGHT TO SUE—ABANDONMENT.

Where a husband has abandoned his wife, she is no longer under the disability of coverture, and may contract and sue to enforce such contracts in her own name without joining her husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 317–323, 743; Dec. Dig. §§ 79, 203.*]

Appeal from Deaf Smith County Court; W. H. Russell, Judge.

Action by Allie Kastner against Frank

Heagy. Judgment for plaintiff, and defendant appeals. Affirmed.

S. J. Dodson and W. C. Jones, for appellant. Knight & Slaton and W. M. Megert, for appellee.

NEILL, J. This suit originated in the justice's court, and was brought by appellee to recover damages for a breach of contract and for a conversion of her property. The defendant pleaded in abatement that plaintiff was a married woman and the nonjoinder of her husband, a general demurrer, a general denial, and specially that the damages alleged were caused by her contributory negligence, and that the property alleged to have been converted was his under the terms of the contract alleged to have been breached. On appeal to the county court, the case was tried without a jury, defendant's plea in abatement overruled, and judgment was rendered in plaintiff's favor for the sum of $125, which being for a less sum than that rendered against defendant in the justice's court, judgment was rendered in his favor for all costs accruing in the county court.

It is complained that the court erred in overruling the plea in abatement, as well as the demurrer. In her amended original petition plaintiff alleged that she is a married woman, and has been abandoned by her husband, and was when this suit was filed; that they live separate and apart from each other, he in the state of Kansas and she in Texas; that long anterior to the institution of the suit he had refused and failed to contribute anything towards her and their children's support, leaving her entirely to her own resources and efforts for the maintenance and support of the family. The evidence heard by the court as to these matters supports the averments. Hence the court properly refused to sustain the plea in abatement, and was correct in its ruling upon the demurrer.

The disability of coverture is now regarded by the law rather a mantle of protection to a married woman than a manacle to restrain her in her rights. As the better suited to grapple with the world and conduct the business affairs of himself and family, the law casts the duty of managing such business upon the husband, and withholds the hands of the wife from interfering as long as such duties are discharged by him; but, when he abandons her and willfully fails or neglects to discharge those obligations which nature and the law have placed upon him, and the mantle of protection in which the law clothed the wife must be cast aside to enable her to discharge those duties and obligations which the husband has ignored and shown himself recreant, the law as fully manumits the wife as though no

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

husband had ever clasped her hands to brighten or darken her life. She may, in such a case, enter into contracts, and the right to make them carries with it the right to enforce them without joining the recreant husband with her in a suit for that purpose.

In this case the evidence is reasonably sufficient to show that the defendant failed to perform his contract with plaintiff to keep the fence around the land he had rented her for agricultural purposes in such repair as would protect the crop grown thereon from depredations of stock, and that, on account of such breach of his contract, cattle entered and damaged the crop grown thereon to the extent of $125, as found by the trial court, and that such damages were the proximate cause of such breach.

There is no error in the judgment, and it is affirmed.