## STEVENS v. STEVENS. (No. 554.)

Court of Civil Appeals of Texas. Eastland.
June 7, 1929.

W. E. Lessing, of Abilene, for appellant.
T. A. Bledsoe, of Abilene, for appellee.

FUNDERBURK, J. This suit was brought by Mrs. Annie L. Stevens against J. S. Stevens, alleging the joint ownership by plaintiff and defendant of a certain tract of land, the interest of each being an undivided one-half, and praying for partition. The petition also alleged the conversion of rents and revenues from the land by the defendant, for which judgment was also sought. As showing the right of plaintiff to maintain the suit it was alleged as follows:

"That this plaintiff was formerly married to the defendant, J. S. Stevens, and lived with him as his wife until on or about the 15th day of December, A. D., 1909, at which time she was divorced from defendant by a decree of the District Court of Navarro County, Texas. That thereafter, on or about the 15th day of June, A. D., 1927, the plaintiff herein was married in McAlester, ——— County, state of Oklahoma, to one Ben Robinson; that immediately after her marriage to the said Ben Robinson and on the same day of such marriage, the said Ben Robinson abandoned this plaintiff and has not at any time lived with her as her husband, this plaintiff returning to the state of Texas from Oklahoma; that after her return she was advised by the said Ben Robinson that such marriage had been annulled by a court of competent jurisdiction in the state of Oklahoma. This fact, however, this plaintiff is unable to verify. That at all times since such marriage she has been acting as a feme sole and does not at this time know the whereabouts of the said Ben Robinson. That by reason of such fact she is entitled to bring this suit without being joined herein by the said Ben Robinson and of this she asks judgment of the court."

A part of defendant's answer was a plea to abate and dismiss the suit because the plaintiff sued in the name of Annie L. Stevens, when, as shown by the petition, her legal name was not Annie L. Stevens, but another name; that she was a married woman, the wife of Ben Robinson, and not shown to have been divorced from him, and hence she was without authority to bring and maintain the suit without being joined by her husband; and that a judgment upon such pleading in the name of Annie L. Stevens would be void.

The trial court sustained the plea in abatement, and, from a judgment of dismissal in pursuance thereof, the said Annie L. Stevens has appealed.

By the appeal there is presented the sole question of whether the trial court erred in sustaining the plea in abatement and dismissing the case. It appears to be the contention of appellee that appellant, by her petition, did not allege sufficient facts to entitle her to maintain the suit without the joinder of the man she had married subsequent to her divorce from the defendant; that her name, in fact, was Robinson, and a judgment in favor of Annie L. Stevens would be void; and that, in any event, it was necessary to have an order or judgment of the court permitting her to maintain the suit without the joinder of her husband. We are unable to sustain any of these contentions.

It may be regarded as a thoroughly well-settled rule of practice in this state that, when a married woman has been abandoned by her husband, she thereupon becomes vested with the power, not only to manage and

control the community property and her separate estate, but also, as a necessary incident to such power, the right to bring and maintain suits without the joinder of her husband. El Paso Electric Co. v. De Garcia (Tex. Civ. App.) 10 S.W.(2d) 426; Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522; Heagy v. Kastner (Tex. Civ. App.) 138 S. W. 788; St. Louis S. W. R. Co. v. Griffith, 12 Tex. Civ. App. 631, 35 S. W. 741; Davis v. Davis (Tex. Civ. App.) 186 S. W. 775; Nickerson v. Nickerson, 65 Tex. 281; Evans v. Ball (Tex. Civ. App.) 6 S.W.(2d) 180; Texas City Terminal Co. v. Thomas (Tex. Civ. App.) 178 S. W. 707; San Antonio & A. P. R. Co. v. Gillum (Tex. Civ. App.) 30 S. W. 697; Norton v. Davis, 83 Tex. 32, 18 S. W. 430; Cullers v. James, 66 Tex. 494, 1 S. W. 314.

With reference to the necessity of an order permitting a married woman to maintain suit without the joinder of her husband, we do not understand that such an order is. necessary. The only essential is that the petition state facts sufficient to justify the plaintiff in bringing and maintaining the suit, without such joinder. The petition in this case prays judgment of the court, whether upon the facts alleged plaintiff had such right, and the only question is whether the allegations of the pleading in fact were sufficient to justify the plaintiff in bringing and maintaining the suit. As early as McIntire v. Chappell, 2 Tex. 378, it was held that, "Though the facts on which the authorization is founded should be proven, we are not of opinion that any previous permission of the court is necessary to support the action;" and that "The permission to sue is a necessary incident of the facts which justify the prosecution of the suit in the name of the wife. It is a matter of right, and can be granted as well during the progress as before the commencement of the action. No specific or express grant of power is in fact necessary. *It will always be presumed where the facts are such as authorize the action to be maintained.*" (Italics ours.)

The further contention that a judgment would be void if taken in the name of Annie L. Stevens, when she was in fact married to Robinson, is likewise, we think, wholly untenable. Although it is a well-nigh universal custom for the wife, upon marriage, to take the surname of the husband, so far as we are aware there is no positive law requiring that she do so. The name of a party to a suit is important primarily from the standpoint of identification. Where, as here, the allegations of the petition certainly identify the plaintiff, not only with reference to her former husband, Stevens, but the man Robinson, whom she later married, there can certainly be no invasion of the defendant's rights by her choice to enforce her rights in the name she has chosen. No such case is presented as where a married woman is sued in her maiden name and judgment taken against her upon constructive service of process, as in Freeman v. Hawkins, 77 Tex. 498, 14 S. W. 364, 19 Am. St. Rep. 769.

Neither do we sustain the suggestion of appellee that it is our duty to presume that the court heard evidence and found that the facts do not exist that would warrant the plaintiff in maintaining the suit as brought by her. The plea in abatement does not purport to tender any fact issue outside of the allegations of the plaintiff's petition. It is not even verified, as would be necessary were such the case. It is simply in the nature of a demurrer to the sufficiency of the facts alleged to authorize the plaintiff to maintain the suit in the name of Annie L. Stevens.

It being, therefore, clear to us that the trial court erred in sustaining the plea in abatement and dismissing the cause, the judgment of that court will be reversed, and the cause remanded for trial.