## CLEVENGER v. CLEVENGER.

### No. 2375.

Court of Civil Appeals of Texas. Beaumont.

May 29, 1933.

Rehearing Denied June 7, 1933.

Adams & McAlister, of Nacogdoches, for appellant.

A. T. Russell, of Nacogdoches, for appellee.

COMBS, Justice.

This suit was instituted by appellant, W. J. Clevenger, in district court of Nacogdoches county February 19, 1931, to set aside a judgment rendered in favor of appellee, Mollie Clevenger, in said court on September 8, 1929, granting her a divorce and partitioning the community property.

Plaintiff, in his petition, alleges that the divorce proceeding was void for the reason that Mollie Clevenger, plaintiff in that suit, was at the time it was filed and at the time the judgment was entered hopelessly insane and was without legal capacity to sue, and further that the statutes expressly prohibit the granting of divorce where either spouse is insane. He further pleaded that at the time the judgment was entered he was induced by fraud or mistake to agree to enter into the judgment granting the divorce and partition of property, in that he was informed, and verily believed, that said judgment could be legally entered, and was so informed by his counsel in that case, and that he did not learn that he had been fraudulently induced to enter into the judgment until long after the time had elapsed to sue out a writ of error. He prayed that the judgment be set aside and the marital status between him and the defendant restored. The defendant, Mollie Clevenger, answered by general demurrer, general denial, and by special pleas in which she specifically denied that she was insane at the time the divorce suit was filed or the judgment entered, and alleged that she was then and is now sane, that no fraud had been practiced upon plaintiff, and further pleaded the statute of limitations of two years against plaintiff's suit to set aside the judgment.

A jury being waived, the trial was to the court. At the conclusion of the evidence judgment was entered denying plaintiff the relief sought. In the judgment the court finds that at the time of filing and trial of the divorce case Mollie Clevenger was a person of sound mind and further that no fraud or deceit was practiced on the plaintiff, W. J. Clevenger.

The fact findings made by the trial court have support in the evidence and the court properly refused to set aside the former judgment.

The evidence shows that Mollie Clevenger was convicted of insanity in a lunacy proceeding on April 21, 1926, and committed to the hospital for the insane at Rusk May 4, 1926, and that her official discharge from the institution was signed by the hospital authorities August 31, 1931. However, it is shown that she was not actually in the asy-

lum at the time of the filing and trial of the divorce suit.

Appellant insists, in effect, that the judgment of insanity in the lunacy proceeding is controlling on the question that Mollie Clevenger was insane at the time the divorce was granted, and hence that the judgment sought to be impeached was a nullity. Article 4629, R. S. 1925, which prohibits the granting of divorce where either spouse is insane, bases the prohibition upon the fact of insanity and not upon the existence of a judgment of insanity in a lunacy proceeding. It was for the district court which tried the divorce case to determine whether Mollie Clevenger was sane. At most, the lunacy judgment raised a presumption of insanity, which was subject to rebuttal.

The judgment of the trial court is affirmed.