**HOLLIS et al. v. HOLLIS.**

No. 5997.

Court of Civil Appeals of Texas. Amarillo.

Nov. 14, 1949.

Rehearing Denied Dec. 12, 1949.

Morgan, Culton, Morgan & Britain, Amarillo, W. F. Nix, Amarillo, for appellants.

Joseph V. Bolton, San Antonio, Hazlewood & Richards, Amarillo, for appellee.

LUMPKIN, Justice.

This appeal is from a judgment in a divorce suit. On November 13, 1948, the appellant, Sylvester Hollis, filed the suit against his wife, Lona Hollis of Travis County, Texas, the appellee, in the 47th District Court of Potter County, Texas. The parties were married on February 25, 1911, in Blount County, Alabama, and were separated on May 11, 1921. The appellant alleged in his petition that since 1923 he had believed himself divorced from appellee, but that he recently learned he is not divorced from appellee and that appellee is claiming a one-half interest in his property which she asserts is community property. He alleged he has no property and prayed for a divorce.

The appellee answered by a general denial and cross action in which she reiterated the allegations of marriage and separation and alleged various acts of cruel treatment on the part of appellant. Also she alleged that the separation was the result of the appellant's abandonment and desertion of her and of the four children born of the marriage, three of whom are living. The appellee pleaded that she had not heard from her husband or known of his whereabouts from the date of separation until 1941, when by coincidence she learned that he was alive and residing at Amarillo, Texas, "in open and bigamous adultery with one Richielieu Frazier." The appellee charged that shortly after her desertion in 1921, the appellant and Richielieu Frazier, well knowing or indifferent to the existence of appellee as an undivorced wife, went through a ceremonial marriage; that since the purported marriage the appellant and Richielieu Frazier have introduced each other as husband and wife in the community in which they reside.

Further, the appellee charged that on November 5, 1948, a judgment was entered in the 108th District Court of Potter County, wherein the purported marriage of the appellant and Richielieu Frazier was annulled and all of the real estate and personal property of appellant, with the exception of $3,500, was decreed to be the separate property of Richielieu Frazier. The appellee alleged that the annulment suit filed by Richielieu Frazier in the 108th District Court is the result of a conspiracy between the appellant and Richielieu Frazier to defraud the appellee of her share of the community estate. The appellee made Richielieu Frazier a party to her suit. She asked that a temporary restraining order be issued to prohibit the appellant and Richielieu Frazier from disposing of the community assets belonging to the appellant and the appellee, that she be granted a divorce, that a partition be made of the community property, and that the court grant her judgment for reasonable attorney's fees.

In her answer Richielieu Frazier pleaded as a bar to appellee's claims the judgment rendered in the 108th District Court, and she denied appellee's right to attack this judgment collaterally. Under Rule 174, Texas Rules of Civil Procedure, Richielieu Frazier filed a motion for a separate trial of the third party claims made against her by the appellee. The 47th District Court overruled the motion and the case proceeded to trial.

From the evidence deduced during the trial in the 47th District Court, it appears that in 1922, shortly after the separation of Lona and Sylvester Hollis, the appellee filed a suit for divorce in Blount County, Alabama, in which the appellant was cited by publication. This case was not tried. The next year another suit for divorce was filed in Jefferson County (Birmingham), Alabama, and again the appellant was cited by publication. The appellee denied instituting the second suit and stated that she had originated the first suit for the purpose of locating the appellant. Subsequently, the second suit was dismissed for want of prosecution.

According to the appellant, he was in Birmingham after the citation of the second suit was published and knew that such a suit had been filed. Prior to his visit to Alabama, he had received a letter from appellee stating that she had a divorce and would be married by the time he read the

letter. From this letter, as well as from other information, the appellant concluded he was divorced from appellee. On December 31, 1923, at Woodward, Oklahoma, he married Richielieu Frazier and some years later they moved to Amarillo, where they now reside. The appellant had not apprised Richielieu Frazier of his marriage to appellee, and she had not known of his marriage or of the existence of his children until 1945, when appellant's grown son visited him in Amarillo. From the record it seems that Richielieu Frazier definitely learned of appellant's marital status in 1948, when she intercepted a letter addressed to her husband by appellee's attorney. Soon thereafter she separated from appellant, and on October 28, 1948, she filed a suit asking for an annulment of her purported marriage and for a just and equitable division of the property she owned jointly with appellant. This suit was filed in the 108th District Court of Potter County and styled Richielieu Frazier Hollis v. Sylvester V. Hollis. In her petition Richielieu Frazier claimed as her separate and individual estate two town lots located in Amarillo, a package store known as the Drive-In Market, household goods and furnishings, and a certain bank account. Another bank account was listed as community property. The appellee, Lona Hollis, was not made a party to the annulment suit. In his answer the appellant admitted that the assets listed in Richielieu Frazier's petition were her separate property. The case was tried before the court without a jury. In its judgment, the 108th District Court annulled the marriage of appellant and Richielieu Frazier and approved a compromise property agreement formerly entered into by the parties. The court found that both the appellant and Richielieu Frazier had entered the marriage in good faith and that thereafter they had lived together as husband and wife in good faith. No children were born of this union. The court further found that Richielieu Frazier had acquired by gift from her father certain properties described in her petition, that a portion of the remaining properties was the separate property of

Richielieu Frazer, and that other portions of these properties were the accumulations of appellant and Richielieu Frazier. The 108th District Court held that the compromise settlement was fair and just, and the court approved the payment of $3,500 by Richielieu Frazier to appellant as his part of the properties owned jointly by these parties.

The trial in the 47th District Court was to a jury. The jury, in answer to the special issues submitted, found the allegations asserted in appellee's cross action to be true and found that the annulment suit, filed in the 108th District Court, was instituted by Richielieu Frazier and the judgment therein was obtained with the intent to defraud, delay and hinder the appellee, Lona Hollis, from obtaining that to which she is lawfuly entitled. The jury found that the appellee had a 25 per cent interest in the two town lots and the package store. In its judgment the court granted the appellee a divorce and found, as a matter of fact, that the decree entered in the 108th District Court of Potter County, styled Richielieu Frazier Hollis v. Sylvester V. Hollis, was obtained by the appellant with the intent to defraud the appellee of her community interest and in contravention of Article 3996, Vernon's Annotated Civil Statutes. For these reasons, the court found the decree rendered by the 108th District Court to be void. Furthermore, the court found, as a matter of fact and as a matter of law, that the property involved in the suit is owned in the following proportions: 50 per cent is owned by Richielieu Frazier as putative wife of the appellant; 50 per cent is owned jointly by the appellant and the appellee as their undivided community property. The court valued the property, both real and personal, at $29,000 but made no effort to estimate the value of the stock of liquors and beverages at the package store. The court decreed 50 per cent of the property to Richielieu Frazier as her separate property; 25 per cent to appellant as his separate property; and 25 per cent to the appellee as her separate property. A receiver was appointed and ordered to sell the property and divide the proceeds in

the proportions stated above. The appellant and Richielieu Frazier excepted to the court's judgment and perfected their appeal; the case is now before this court for review.

The appellant and Richielieu Frazier contend that the trial court erred in permitting the appellee, Lona Hollis, to attack collaterally the final judgment rendered in the 108th District Court of Potter County wherein all the property involved, with the exception of $3,500, was declared to be the separate property of Richielieu Frazier.

 It is a general rule of law that a judgment may not be impeached in collateral proceedings for fraud, collusion, or false testimony by one who is a party or privy to the judgment. 31 Am.Jur. 191. It is a settled rule in this state that, although she is not a party thereto in name, a wife is bound by a judgment against her husband in respect to community property. This rule is based upon the doctrine of virtual representation whereby the husband is by law made the representative of his wife's interest. Article 4619, Vernon's Annotated Civil Statutes; Cooley v. Miller et al., Tex.Com.App., 228 S.W. 1085; Starr et ux. v. Schoellkopf Co., 131 Tex. 263, 113 S.W.2d 1227. Even under circumstances in which the wife has been abandoned by the husband, our courts have held that she is not a necessary party to a suit against him and that she is bound by a judgment against the husband in so far as the community estate is concerned. Howell v. Fidelity Lumber Co., Tex.Com. App., 228 S.W. 181; Hall v. Aloco Oil Co., Tex.Civ.App., 164 S.W.2d 861, writ ref. Under these authorities, the appellee, Lona Hollis, was not a necessary party to the annulment suit filed in the 108th District Court by Richielieu Frazier, and she is bound by the judgment rendered against her husband.

The appellee, however, argues that she may attack collaterally, in the 47th District Court, the judgment rendered by the 108th District Court for the following reasons: The judgment in the annulment case was obtained by the appellant and Richielieu Frazier in fraud of appellee's community rights and with the intent to defraud appellee of that to which she is lawfully entitled. She argues, in effect, that where the husband agrees to a judgment disposing of community property under circumstances which are hostile to and in fraud of the rights of the wife, it is necessary to name and serve the wife as a party to a suit against the community; and that where hostility and fraud appear on the face of the record in a lawsuit, a judgment or decree as to the disposition made of the wife's share of the community assets is ineffective or void, and the judgment may be impeached in collateral proceedings.

██ We do not agree with appellee's contentions in this respect. A judgment procured through fraud is not void, unless the fraud charged goes to the jurisdiction of the court. In this case, the appellee does not question the jurisdiction of the 108th District Court. Snell v. Knowles, Tex.Civ.App., 87 S.W.2d 871, dism. Stewart Oil Co. v. Lee, Tex.Civ. App., 173 S.W.2d 791, writ ref. However, a judgment obtained by fraud is voidable. 25 Tex.Juris. 769, et seq.; Wilson v. King, Tex.Civ.App.; 148 S.W.2d 442. Generally speaking, a void judgment may be subjected to a collateral attack, such as is here urged by the appellee. Pennebaker v. Thrash, Tex.Civ.App., 84 S.W.2d 1081, dism. But a voidable judgment, or one which may have been procured through fraud, may be corrected by one who is a party to it only by a direct attack in the same court which rendered the judgment. 49 Corpus Juris Secundum, Judgments, § 408, page 805, et seq.; Baum v. Dunbar, Tex.Civ.App., 90 S.W.2d 643, dism.; Garza v. Kenedy, Tex.Com.App., 299 S.W. 231; Sharp v. Hall, Tex.Civ.App., 49 S.W. 2d 523, writ ref.; McGlothlin v. Scott, Tex. Civ.App., 6 S.W.2d 129.

 On its face the judgment rendered by the 108th District Court is regular, and its record reveals no lack of jurisdiction. Such a judgment is invulnerable to collateral attack. 25 Tex.Jur. 703, et seq. Bragdon v. Wright, Tex.Civ.App., 142 S. W.2d 703, dism. In the case of Glenn v. Dallas County Bois D'Arc Island Levee District, 114 Tex. 325, 268 S.W. 452, the

Supreme Court held that a judgment may not be subjected to a collateral attack by a party to it on the grounds that a third party, or one of the parties, had been guilty of false swearing or fraudulent representations in inducing it.

■■ Since it is not necessary to name a wife as a party to a suit in which her husband is a party, it follows that a judgment, entered on agreement by a husband, even in fraud of his wife's rights, cannot be avoided by her collaterally because of the husband's fraud and collusion. Law of Judgments by A. C. Freeman, Vol. 1, p. 665; Brown v. Foster Lumber Co., Tex. Civ.App., 178 S.W. 787, writ ref.; Glenn v. Dallas County Bois D'Arc Island Levee District, supra. In our opinion, therefore, the 47th District Court erred in permitting the appellee, Lona Hollis, to impeach the judgment of the 108th District Court in a collateral proceeding, especially when the decree shows on its face that the appellee was the wife of the appellant and was, therefore, as a matter of law, a party to such judgment, although not named as one. Gowan v. Reimers, Tex.Civ.App., 220 S.W.2d 331, writ ref. n. r. e.

The appellee in support of her assertion that the court acted properly in permitting her to attack collaterally the judgment of the 108th District Court, cites Watson v. Harris, 61 Tex.Civ.App., 263, 130 S.W. 237; Coss v. Coss, Tex.Civ.App., 207 S. W. 127; and Swisher v. Swisher, Tex.Civ. App., 190 S.W.2d 382. These cases hold that the husband has the right to dispose of the community property, but that he does not have the authority to deprive fraudulently the wife of her interest in the community. Stevens v. Stevens, Tex.Civ. App., 18 S.W.2d 719, cited by appellee, recognizes the right of a wife who has been abandoned by her husband to sue without his joinder. Clarke v. A. B. Frank Co., Tex.Civ.App., 168 S.W. 492, also cited by appellee, is authority for the rule that one who is a necessary party to a suit cannot be bound by a judgment to which he was not a party. In the Clarke case the court comments to the effect that a decree obtained with intent to defraud creditors is void and is subject to collateral attack by the creditors. In our opinion the Clarke case is not an authority for the question before us. A careful reading reveals that a junior lien holder was a necessary party to a foreclosure suit instituted by the first mortgagee and would not have been bound by the judgment even had there been no fraud. 29 Tex.Jur. 946. Also see Brown v. Foster Lumber Co., supra, by the same court. Other than the Clarke case, none of the cases cited by appellee mention the subject of direct and collateral attacks on judgments. These cases are not in point.

■ Again, to substantiate her position, the appellee seeks to invoke Article 3996, Vernon's Annotated Civil Statutes, which declares that every judgment suffered or obtained with intent to defraud creditors or other persons is void. Unfortunately, there is confusion in many of the decisions by reason of the indiscriminate use of the words *void* and *voidable*. The only defect, generally speaking, which will make a judgment void is lack of jurisdiction on the part of the court rendering it. Easterline et al. v. Bean, 121 Tex. 327, 49 S.W.2d 427. Although the statute cited by the appellee declares all conveyances, decrees, etc., to be void when obtained with intent to defraud creditors or other persons, it is well understood that this means they are relatively void; that is, they are voidable at the option of the one defrauded. Rilling v. Schultze, 95 Tex. 352, 67 S.W. 401. The judgment rendered by the 108th District Court is voidable only as to the appellee. It may not be subjected to collateral proceedings in the 47th District Court by one who, as a matter of law, is a party to it. The 47th District Court erred in holding the judgment of the 108th District Court void by reason of Article 3996.

We have carefully reviewed the record in this case. That portion of the trial court's judgment which granted the appellee, Lona Hollis, a divorce is affirmed. For the reasons stated, the remainder of the court's judgment is reversed and the cause is remanded. Because of our disposition of the case, it is unnecessary to discuss the other points of error urged by the appellant and Richielieu Frazier.