Mrs. Lela M. LITTLE

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare.

Civ. A. No. 4–493.

United States District Court
N. D. Texas,
Fort Worth Division.

Aug. 12, 1966.

—————◆———

John G. Street, Jr., Fort Worth, Tex.,
for plaintiff.

William L. Johnson, Jr., Asst. U. S.
Atty., Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

BREWSTER, District Judge.

The issue presented is a question of law: Is the claimant a widow of Elijah E. Little who is entitled to widow's benefits under 42 U.S.C.A., Section 402(e) of the Social Security Act? Texas law governs the determination. 42 U.S.C.A., Section 416(h) (1) (A).

The Hearing Examiner determined that the claimant was not the widow of Elijah E. Little. The request for a review by the Appeals Council was denied, with the result that the decision of the Hearing Examiner became the final decision of the Secretary. 42 U.S.C.A., Section 405(g). That decision is approved and confirmed.

Summarized, the facts show that the claimant was married to Elijah E. Little on October 16, 1915, in Gatesville, Coryell County, Texas. The marriage was terminated by a divorce brought by and entered in favor of Elijah E. Little in the 96th District Court of Tarrant County, Texas, in 1939. The claimant did not contest the case. Elijah E. Little never remarried. The claimant was married to Henry C. Rothell in 1943, and that marriage was terminated by divorce in 1948.

On January 1, 1953, Elijah E. Little applied for old age benefits under the Social Security Act, 42 U.S.C.A., Section 402(a). He was found to be entitled to said benefits, and received them until he committed suicide on June 7, 1956.

On November 27, 1963, twenty-four years after the divorce became final between the claimant and Elijah E. Little, and in spite of her intervening marriage to and divorce of Henry C. Rothell, the claimant filed an application for a widow's benefit, alleging that she was the lawful widow of Elijah E. Little. Earlier on the very day that she filed her application for widow's benefits, the claimant had obtained a decree in the 17th District Court of Tarrant County, Texas, setting aside the 1939 divorce from Elijah E.

Little previously granted in the 96th District Court of Tarrant County, Texas.

In her petition to set aside the 1939 divorce judgment, the claimant alleged in part:

"E. E. Little paid taxes to the United States of America under the Social Security program and had such void, or voidable, judgment not been entered, Plaintiff would be entitled to receive Social Security benefits. She is now very much in need of such benefits and can secure same if such judgment is set aside."

It is obvious that the primary purpose of claimant's delayed action in collaterally attacking her first divorce was to reap the benefits of social security payments made by a man during the major portion of his life which was spent alone and apart from his former wife. The claimant on the other hand enjoyed the fruits of the property settlement entered into in conjunction with a divorce which she did not contest. She chose to abide by the full legal effect of the divorce and remarried. Now, seven years after the lips have been sealed on the man who periodically made his social security payments, and twenty-four years after she was divorced from that man, the claimant attacks the divorce decree on the grounds that the man was insane at the time of the divorce. She contends before the Social Security Administration that she is his widow and entitled to a widow's benefits.

The Hearing Examiner found that the 17th District Court had no jurisdiction to set aside the 1939 divorce entered by the 96th District Court, and that only the 96th District Court had the power to set aside its own judgment in divorce matters. That finding applies the correct principles of law and is affirmed.

The claimant contends that the 17th District Court had the power to set aside the 96th District Court's judgment. In support of her contention she offers two grounds: (1) that the 96th District Court's 1939 judgment is void because of

Elijah E. Little's insanity at the time;[1] and (2) that because of the local court rules of Tarrant County, Texas, she had to present her cause in such District Court as was assigned to her in rotation, and was not at liberty to choose the 96th District Court. Claimant's attorney has presented the second ground by filing an affidavit in this Court stating the effect of the local district court rules and the assignment of cases locally by the Clerk in a rotation system. The Secretary has moved to strike the affidavit as being an improper matter for this Court to consider on review.

The claimant misinterprets both the Texas law and the general law of judgments in her first contention.

"A suit which attacks the validity of a divorce decree must be brought in the court which entered the decree. This is a jurisdictional rather than a venue matter." Byrd v. Guyler, Tex. Civ.App., 310 S.W.2d 747, 748–749 (1958), err. dism'd.

See also Clevenger v. Clevenger, Tex.Civ. App., 60 S.W.2d 1042 (1933), no writ history; Kieke v. Cox, Tex.Civ.App., 300 S.W.2d 309 (1957), no writ history; Hollis v. Hollis, Tex.Civ.App., 226 S.W. 2d 129 (1949), err. dism'd.; and Novy v. Novy, Tex.Civ.App., 231 S.W.2d 780 (1950), err. dism'd.

Both Texas and federal authorities recognize that only void judgments as opposed to voidable judgments may be collaterally attacked, and that only judgments which show a jurisdictional defect on the face of the record are classified as void judgments. Litton v. Waters, Tex.Civ.App., 161 S.W.2d 1095 (1942), err. ref.; Pena v. Bourland, D.Ct.Tex., 72 F.Supp. 290 (1947). There is no jurisdictional defect appearing on the face of the divorce decree entered by the 96th District Court in 1939. Elijah E. Little was never adjudged incompetent, and nothing appears in the decree which would cast doubt on this sanity. It is a judgment of a domestic court of general jurisdiction, rendered in the exercise of its usual powers, regular on its face, and therefore imports verity. Lowman v. Falsetti, 5 Cir., 335 F.2d 632, 639 (1964). The judgment granting Elijah E. Little a divorce is not void.

The claimant in her second contention attempts to show that the 17th District Court had jurisdiction to set aside the 96th District Court's divorce judgment because of the local court rules in Tarrant County which provide that cases are assigned to the various District Courts in a rotation system as they are filed. This contention was presented for the first time on appeal to this Court in an affidavit by claimant's counsel. The Hearing Examiner had no opportunity to consider that matter, and the Secretary's motion to strike the affidavit is sustained. Fels v. Ribicoff, D.Ct.N.Y., 30 F.R.D. 141 (1962); Sage v. Celebreeze, D.Ct.Va., 246 F.Supp. 285 (1965). However, even if the affidavit were considered by the Court, it presents no basis for sustaining the 17th District Court's action in cancelling the 96th District Court's divorce judgment. The authorities cited above leave no question about the fact that a divorce decree must be attacked only in the court which granted it, and that it is a matter of jurisdiction. The local rules, if any, of the courts in Tarrant County, Texas, cannot supersede matters of jurisdiction.

The decision of the Secretary is sustained, and in so doing, it is unnecessary to discuss whether laches is a defense to claimant's action, Johnson v. Potter, Tex. Civ.App., 384 S.W.2d 747 (1964), no writ history; or whether claimant's remarriage operates to bar her claim. 42 U.S.C. § 402(e).

Judgment will be entered in accordance with this memorandum opinion, which will serve as findings of fact and conclusions of law.

---

1. The Texas divorce statute in effect in 1939, Article 4629 of Vernon's Civil Statutes of Texas, Annotated, reads in part as follows:

"Except where the husband or wife is insane, a divorce may be decreed in the following cases: * * *"