Kate GRAHAM, Osha Lynn Wilkinson, William T. Graham, Jr., and Daniel A. Graham

v.

Walter GRAHAM, Individually and as Administrator of the Estate of W.A. Graham, Deceased, Walter Lee Henson, Homer Graham, Lella Graham and Myrl A. Graham.

No. 07–86–0048–CV.

Court of Appeals of Texas, Amarillo.

June 30, 1987.

Rehearing Denied July 20, 1987.

Kelly Utsinger, Gerald G. Bybee, Underwood, Wilson, Berry, Stein & Johnson, Amarillo, for appellants.

Ed McConnell, William A. Hill, Culton, Morgan, Britain & White, Amarillo, for appellees.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is a suit contesting ownership of property once held by the estate of W.A. Graham. Appellants and plaintiffs below, Kate Graham, Osha Lynn Wilkinson, William T. Graham, Jr. and Daniel A. Graham are, respectively, the widow and children of the late W.T. Graham, who was a son of W.A. Graham. Appellees Walter Graham, Homer Graham, Lella Graham and Myrl A. Graham are also children of the late W.A. Graham and appellee Walter Lee Henson is the purchaser of a portion of the property that was in W.A. Graham's estate. In response to motions for summary judgment by all parties, the trial court granted appellees' motion, denied appellants' motion and entered judgment dismissing the suit. We affirm.

All parties agree that only one ultimate issue must be resolved: Did the county court of Potter County have jurisdiction to render a judgment on September 6, 1977 in case number 8895, styled In the Matter of the Estate of W.A. Graham, deceased, approving the final accounting, confirming the distribution of estate property, and closing the estate? If it did, the summary judgment is correct because this suit in the district court in Randall County is an impermissible collateral attack on that final judgment. If it did not, the probate court judgment is void and may be challenged in this suit.

The pertinent facts are brief and undisputed. W.A. Graham died intestate on June 7, 1964. He was survived by six children: Walter Graham, W.T. Graham, M.A. Graham, Lella O. Graham, Homer Graham, and Clarence O. Graham.[1] Probate proceedings were initiated in the county court of Potter County and, after citation was posted in the manner and for the time required by the Probate Code, Tex. Prob.Code Ann. § 128(a) (Vernon 1980), Walter was appointed administrator of the estate. He administered the estate until September 6, 1977 when, pursuant to a final accounting filed by him, the county court approved the final settlement, confirmed the distribution of estate property, and closed the estate. Walter received ⅛ of the estate, composed of his inherited ⅙th and the ⅙th inherited by W.T. Graham. Documents in the record indicate that Walter purchased W.T.'s share of the estate during administration.[2] Walter Lee Henson received the remaining ⅔rds of the estate, apparently having purchased the interest of M.A., Lella, Homer and Clarence Graham.

W.T. died in March 1980. This suit was filed in the 47th District Court of Randall County on June 26, 1981, by W.T.'s widow and children. By it, they allege various causes of action and ask for various forms of relief based on their belief that W.T. was deprived of his ⅙th share of his father's estate by the fraudulent conduct of his

1. Clarence Graham is not a party to this suit.

2. We express no opinion on the legal effect of the documents or the validity of the purchase. We do not reach that issue in this case.

brother Walter. Essential to their recovery is the vacating of the September 6, 1977 county court judgment. Whether they can do so in this suit is the question before us.

Appellants advance five points of error, by which they contend the order of September 6, 1977 is void because (1) the county court had neither personal nor subject matter jurisdiction to render it, (2) the order was obtained by fraud, and (3) their motion for summary judgment should have been granted. Initially, we will resolve collectively the jurisdictional issues raised by points one, two, and four.

Appellants contend the 1977 judgment was rendered without personal jurisdiction over W.T. Graham because there were no pleadings to support the relief and there was no service of citation on W.T. Graham. They argue that the judgment was rendered without subject matter jurisdiction because the county court did not have legal authority to determine title to the property of the estate. A resolution of those contentions must be predicated on an analysis of the jurisdictional power of the county court that rendered the 1977 judgment.

■ The County Court of Potter County, a constitutional county court, is granted the general jurisdiction of a probate court and is empowered, by sections 4 and 5 of the Probate Code, to "transact all business appertaining to estates subject to administration ... including the settlement, partition, and distribution of such estates." Tex.Prob.Code Ann. § 4 (Vernon 1980). However, that jurisdictional power is dormant jurisdiction until it is awakened in the correct manner. "Jurisdiction of a court must be legally invoked; and when not legally invoked, the power to act is as absent as if it did not exist." *State v. Olsen*, 360 S.W.2d 398, 400 (Tex.1962). In order to invoke the court's jurisdiction various procedural steps must be taken. *See* 1 R. McDonald, Texas Civil Practice in District and County Courts, § 1.04 (rev.1981). The general requirement is that persons or property over which the court has potential jurisdiction must be brought before the court by service of process that (1) is con-

sistent with due process and (2) follows, with reasonable strictness, the procedure designed by the state for notification of the pending action. *Colson v. Thunderbird Bldg. Materials*, 589 S.W.2d 836, 839–40 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.); 1 R. McDonald, *supra*, § 1.04. Until the court's potential jurisdiction is activated, the court is not authorized to exercise its jurisdictional power.

■ The effect of an unauthorized exercise of jurisdictional power varies, depending on its demonstrability and the manner in which the judgment is attacked. If a court having potential jurisdiction renders a judgment when the potential jurisdiction has not been activated, and the defect is apparent from the face of the judgment, then the judgment is void and subject to either direct or collateral attack. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (1961). If, however, the court having potential jurisdiction renders a judgment regular on its face that contains recitations stating that potential jurisdiction has been activated, then the judgment is voidable, not void, and may be set aside only by a direct attack. *Akers v. Simpson*, 445 S.W.2d 957, 959 (Tex.1969). The latter result is because a court of potential jurisdiction has the power to determine whether its jurisdiction has been activated, and the recitations making that determination are immune from attack in a collateral proceeding. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (1961). In a direct attack recitations of due service are not conclusive; the record must affirmatively show that the potential jurisdiction was properly activated. *See Whitney v. L & L Realty Corporation*, 500 S.W.2d 94, 96 (Tex.1973).

■ When the foregoing principles are applied to the facts of this case, the result we must reach becomes apparent. The county court had potential jurisdiction of the persons and subject matter in question. The 1977 judgment, which is regular on its face, states that the court "has jurisdiction of this whole proceeding and of such subject matter and that it has venue, and, further it has jurisdiction of all persons of

whom under the law, it should have jurisdiction; ...." Thus, a court having potential jurisdiction rendered a judgment regular on its face containing recitations that potential jurisdiction has been activated. That judgment is, by the above authorities, immune from collateral attack.

The correctness of our conclusion becomes more apparent when, though we need not do so, we examine the record supporting the judgment. Documents in the record indicate that after Walter filed his application for letters of administration, citation was issued in accordance with sections 33 and 128 of the Probate Code. This action activated the county court's potential jurisdiction over the estate and heirs of W.A. Graham, proving the accuracy of the 1977 judgment's recitation of jurisdiction of the "whole proceeding."

■ But, argue appellants, W.T. was entitled to personal notice of the filing of the final accounting and Walter's claim to his share of the estate, and its absence is a due process violation. If he was entitled to notice, that defect could not divest the county court of jurisdiction. Once jurisdiction attaches, it continues until the estate is closed. *Flynt v. Garcia*, 587 S.W.2d 109 (Tex.1979); *Perry v. Great Southern Life Insurance Company*, 492 S.W.2d 352, 355 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); Tex.Prob.Code Ann. § 2(e) (Vernon 1980); *see French v. Brown*, 424 S.W.2d 893 (Tex.1967); *Ex parte Bowers*, 671 S.W.2d 931 (Tex.App.—Amarillo 1984, no writ). A subsequent defect in notice or service may make an order voidable, and subject to direct attack, but it does not make the order void and subject to collateral attack. *Wallace v. Turner*, 89 S.W. 432 (Tex.Civ.App.1905), *aff'd*, 99 Tex. 543, 92 S.W. 31 (1906); *see Lyne v. Sanford*, 82 Tex. 58, 19 S.W. 847 (1891); *Heath v. Layne*, 62 Tex. 686 (1884).

■ Nor did the lack of notice of the final accounting deprive W.T. of due process. While due process requires reasonable notice when activating the dormant potential jurisdiction of the court, *Ex parte*

*Hodge*, 611 S.W.2d 468, 469 (Tex.Civ.App. —Dallas 1980, no writ); *Ex parte Loftin*, 522 S.W.2d 591, 593 (Tex.Civ.App.—Tyler 1975, no writ), it does not require personal service, then or later, on persons interested in the estate. *Estate of Ross*, 672 S.W.2d 315, 317–18 (Tex.App.—Eastland 1984, writ ref'd n.r.e.), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1844, 85 L.Ed.2d 143 (1985). The county court had personal jurisdiction over W.T. when it entered the 1977 judgment.

■ Finally, appellants argue that the county court lacked subject matter jurisdiction because, by the 1977 judgment, it determined title to land, a matter entrusted only to district courts. *Blaylock v. Riser*, 163 Tex. 235, 354 S.W.2d 134, 136 (1962). That attack must fail because it is based on an erroneous premise. Section 4 of the Probate Code gives county courts the general jurisdiction of probate courts to "transact all business appertaining to estates subject to administration or guardianship, including the settlement, partition, and distribution of such estates." Section 5(d) states that "[a]ll courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate." The courts have liberally construed section 5(d) when determining jurisdiction. *See, e.g., English v. Cobb*, 593 S.W.2d 674, 676 (Tex.1979).[3]

When the 1977 order was entered, the county court had correctly activated its jurisdiction and by sections 4 and 5, was empowered to hear all matters incident to the estate and to settle and distribute the estate. That is exactly what it did. We cannot, at this time and with the benefit of hindsight, retroactively remove its jurisdiction over the Graham estate on the ground that its order had the incidental effect of resolving an issue that was not raised. We hold, therefore, that the county court had subject matter jurisdiction. Points of error one, two, and four are overruled.

■ By point of error three, appellants contend the 1977 judgment is void because it was obtained by fraud. Their argument

---

3. *See also* § 5A of the Probate Code, enacted after the 1977 order in question here, which statutorily defines the descriptive terms used in §§ 4 and 5.

is that Walter falsely represented that he owned W.T.'s share of the estate and that his representation constituted a fraud on the court. If the representation was false, it constituted intrinsic fraud which cannot support a collateral attack. *Hollis v. Hollis*, 226 S.W.2d 129, 133 (Tex.Civ.App.—Amarillo 1949, writ dism'd).

Appellants also argue that Walter Graham made jurisdictional misrepresentations, which will support a collateral attack. *Hollis v. Hollis, supra.* However, as is obvious by our disposition of points one, two, and four we have not located actionable jurisdictional misrepresentations in this record. Specifically, nothing in this record indicates that the jurisdiction of the county court over the heirs and property of this estate was obtained by false statements about their existence or status. Point of error three is overruled.

By their final point, appellants say their motion for summary judgment, not appellees, should have been granted. The point could be sustained only if appellants had prevailed on their other points. They did not, and point five is overruled.

The judgment is affirmed.

DODSON, J., not participating.