**Ex parte Joseph R. HODGE.**

**No. 20724.**

Court of Civil Appeals of Texas, Dallas.

Dec. 12, 1980.

James Lynn Martin, Dallas, for appellant.

A. Nicholas Alexander, Dallas, for appellee.

Before CARVER, STOREY and STEPHENS, JJ.

STOREY, Justice.

Relator, Joseph R. Hodge, seeks release from custody on the ground that the order which he was held in contempt for disobeying was void. Relator asserts that the trial court lacked jurisdiction because he had no notice and therefore no opportunity to appear at the hearing which resulted in an order requiring him to pay child support. We disagree. Consequently, we deny relator's application for writ of habeas corpus and remand him to custody.

 An order may be attacked as void if the court lacked jurisdiction of the person or of the subject matter or if the court lacked authority to enter the order which it entered. *Ex parte Duncan*, 42 Tex.Cr. 661, 62 S.W. 758 (1901). The notice essential to due process is original notice giving jurisdiction, and not notice of the time for exercise of jurisdiction already vested. *Ex parte Loftin*, 522 S.W.2d 591 (Tex.Civ.App. —Tyler 1975, no writ). *See* 16A C.J.S., *Constitutional Law* § 619, at 803 (1956).

 This case arose out of a divorce action filed by relator's wife. Relator was served with citation on July 7, 1980, and was served contemporaneously with a temporary restraining order and an order to appear and show cause on July 10. The order in question was issued by the 254th District Court, a family law court of Dallas County, and, in pertinent part, it required relator to make weekly child support payments pending final trial. We conclude that the court had jurisdiction of the person and subject matter and that it had authority to order temporary support payments. The question, therefore, is not whether the court had jurisdiction, but whether relator was afforded due process. We conclude that he was, because he was afforded sufficient procedural opportunity to present his defenses, if any, to the application for child support.

Relator had notice of his wife's application for child support by virtue of the citation and show cause order served upon him July 7, 1980. In response to the show cause order accompanying the original citation, relator appeared in court with counsel on July 10 and, at his request, the temporary hearing was reset to July 17. Also on July 10, after relator and his counsel had left the court, opposing counsel appeared and reset the hearing for July 15. Although a telephone message and a confirming letter were sent to the office of relator's counsel, the record is unclear whether either was received. We assume, however, that neither relator nor his counsel had actual notice of the July 15 setting until some time after July 17. An ex parte hearing was held on July 15, and on July 16 the court signed the order in question. Among its other provisions the order required relator to make weekly child support payments pending final trial of the case. The record reflects that a copy of this order was furnished to relator's counsel on July 21, 1980, about five days after its entry. Thus, there can be no question that relator had knowledge of the entry of the order and the obligations imposed upon him by it.

Additionally, the record reflects that a contempt motion was filed on August 18, 1980, and that relator filed a response to it on September 2, 1980. He appeared in court on this contempt motion and apparently paid a sum of money in settlement of it. No further proceeding is shown to have occurred with respect to this motion. On October 2, 1980, a second contempt motion, the subject of this application, was filed, and, in response to personal service, relator and his attorney appeared for hearing on November 5, 1980. At this hearing relator was afforded an opportunity to present evidence relating to any defenses he might have, but the only evidence offered by him related to the lack of notice of the July 15, hearing and the only defense urged was that the July 16 order was void because relator had no notice of the July 15 hearing.

These facts demonstrate first, that relator had an opportunity at any time after

July 21 to petition the court to set aside its July 16 order and grant another hearing on the application for child support. Second, relator had the opportunity at the September contempt hearing to offer any defenses, such as inability to pay, which he might have had to the application. Finally, at the November 5 hearing at which relator was adjudged to be in contempt, he was afforded the opportunity to demonstrate to the court that its order of July 16 was erroneous, but failed to do so. We believe the circumstances of this case are analogous to those found in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), in which the Supreme Court held that a criminal defendant's claim was barred on habeas review in the absence of a showing of cause and some showing of "actual prejudice resulting from the constitutional violation."[1] At trial, the defendant had failed to make contemporaneous objection to testimony of an out of court inculpatory statement made by him after he received a *Miranda* warning. Neither did he complain of the testimony during his direct appeal through the state courts, but for the first time, on habeas appeal in the federal courts, he complained of the testimony on the ground that he had not understood the *Miranda* warning.

So far as this record shows, if relator had received the notice to appear for the hearing on July 15, he had no defense to the application for temporary support, and, therefore, no ground to resist entry of the order in question. We conclude that, while relator may have shown good cause for his failing to appear at the July 15 hearing, he has neither presented to the trial court nor to this court any showing of prejudice from his lack of notice.

Relator's application for writ of habeas corpus is denied and relator is remanded to custody of the sheriff of Dallas County, Texas pursuant to the lower court's order of commitment.

---

1. We note that *Wainwright* involves federal review of a state criminal proceeding. This, however, is not a distinction as the case merely insists that habeas will not lie when the relator fails to take advantage of a procedural remedy absent a showing of cause and prejudice. The federal courts apply the same standard to habeas relief for federal prisoners. *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973).