**James BROZO, Appellant,**

v.

**SHEARSON LEHMAN HUTTON, INC., Appellee.**

No. 13–92–407–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 15, 1993.

F. Edward Barker, Barker & King, Corpus Christi, for appellant.

Bradley Whalen, Ellen Morris, Houston, Todd Hunter, Corpus Christi, for appellee.

Before SEERDEN, C.J., and KENNEDY and GILBERTO HINOJOSA, JJ.

OPINION

KENNEDY, Justice.

James Brozo appeals the grant of summary judgment to Shearson Lehman Hutton, Inc. confirming an arbitration award to Shearson. We affirm.

Brozo began working for Shearson[1] on September 21, 1987, pursuant to a letter agreement. As part of the agreement, Shearson loaned Brozo $21,000, agreeing to

---

1. Brozo worked for E.F. Hutton, which merged with Shearson Lehman.

forgive one-third of the principal annually if Brozo remained employed by Shearson. Brozo agreed in his application for securities industry registration or transfer to arbitrate disagreements with Shearson; he consented in the letter agreement to arbitrate such disputes pursuant to the New York Stock Exchange constitution. Brozo resigned in January 1988. Shearson demanded repayment of the loan by letter to Brozo in February 1988. In June 1988, Shearson applied the money remaining in his account to the loan, then again wrote him demanding payment of the balance. Shearson threatened arbitration of the unpaid amount before the NYSE.

In August 1988, after Brozo still did not pay, Shearson filed a claim before the NYSE. On September 21, 1988, attorney Anthony Pletcher notified the NYSE by letter that he represented Brozo in the matter. Pletcher requested in that letter that the NYSE "direct all future correspondence regarding this matter to me." In a letter to Shearson on the same date, Pletcher stated that Brozo disputed the debt, did not agree to arbitration, but was willing to settle and work out a payout agreement. Shearson replied noncommittally to Pletcher in December 1988, expressing interest in settlement but insisting on payment of most of the debt. When Pletcher told Brozo of the response, Brozo told Pletcher that his available funds had diminished so that he could not pay much on the debt and that he chose to wait for the civil lawsuit that Pletcher predicted would follow the arbitration. Pletcher told Brozo that he would not be able to help him. Pletcher felt that Brozo understood that Brozo would have to handle the matter himself or through another attorney.

Pletcher heard nothing more on the case until August 31, 1989, when he received notice from the NYSE of the arbitration hearing on September 12, 1989. He responded by letter dated August 31, 1989, to the NYSE (copy to Shearson) that he no longer represented Brozo. Neither Pletcher,

Shearson, nor the NYSE thereafter attempted to inform Brozo personally of the setting.

The NYSE held the arbitration hearing as scheduled and found that Brozo owed Shearson $15,987.08 plus interest and attorneys' fees. The NYSE then sent notice of the decision to Pletcher.

Shearson applied to the trial court to confirm the arbitration award, and later filed a motion for summary judgment. Once Shearson had shown the rendition of an award, Brozo had the burden to establish facts that would relieve him from the award's effect. *Ridgill Bros. v. Dupree,* 85 S.W. 1166, 1167 (Tex.Civ.App.1905, no writ). Brozo complained that the arbitration award was void because he had received no notice of the date, time, or place of the hearing. The court granted the motion for summary judgment. He complained that the affidavit of Thomas Fulkerson, submitted in support of the motion, contained inadmissible hearsay and legal conclusions.

Brozo appeals, raising points of error similar to his arguments below. Two points concern the efficacy of the notice; the third challenges the sufficiency of the evidentiary support for the judgment by attacking Fulkerson's affidavit.

█ Our review of the confirmation of an arbitration award is limited. The common law allows a court to set aside an arbitration award only if the decision is "tainted with fraud, misconduct, or gross mistake as would imply bad faith and failure to exercise honest judgment." *House Grain Co. v. Obst,* 659 S.W.2d 903, 905 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *see also Riha v. Smulcer,* 843 S.W.2d 289, 292 (Tex.App.—Houston [14th Dist.] 1992, writ denied).[2] Because arbitration is favored as a means of dispute resolution, courts indulge every reasonable presumption in favor of upholding the award. *House Grain,* 659 S.W.2d at 905; *see also Riha,* 843 S.W.2d at 292, 294.

Our review is filtered through the summary judgment standard. Movants for sum-

**2.** Statutory law adds several bases to this list, none of which would change the result here. TEX.REV.CIV STAT.ANN. art. 237, § A(3–4) (Vernon 1973). Shearson apparently did not seek to con-

firm the award under the statute as its first amended application to confirm arbitration award deleted a statutory reference contained in its original application.

mary judgment have the burden to show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). We take as true evidence favorable to nonmovants, and indulge every reasonable inference and resolve all doubt in their favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Our task, then, is to construe all evidence, reasonable inferences, and doubt against the judgment of the trial court, which had construed every reasonable presumption in favor of the arbitration award.

By point one, Brozo contends that the court erred in granting the judgment because the arbitration award was void. He contends that it was void because the notice of the hearing violated NYSE Arbitration Rule 613 as well as constitutional procedural and substantive due process. Rule 613, in part, provides as follows:

> Unless the law directs otherwise, the time and place for the initial hearing shall be determined by the Director of Arbitration and each hearing thereafter by the arbitrators. Notice of the time and place for the initial hearing shall be given at least eight (8) business days prior to the date fixed for the hearing by personal service, registered or certified mail to each of the parties. . . .

Pletcher acknowledged in answers to interrogatories that the NYSE sent notice to Pletcher of the date, time, and place of the arbitration. Though the record does not show that the NYSE sent this notice by registered or certified mail, the arbitrators, interpreters of the NYSE rules,[3] apparently found the notice provided satisfied Rule 613 because they conducted the hearing and ruled for Shearson. The court, under its standard of review, was justified in presuming that the arbitrators determined that the notice complied with NYSE rules regarding form of service. We review the record to determine whether the notice was adequate under constitutional standards.

■ The dispute in this case is whether notice of the hearing sent to Pletcher satis-

fied the due process requirements with respect to Brozo. Due process requires that notice must be reasonably calculated to apprise the party of the suit. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 316, 70 S.Ct. 652, 658, 94 L.Ed. 865 (1950); *International Shoe Co. v. State of Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). It is not clear to what extent this requirement applies to notice of an arbitration hearing rather than commencement of arbitration. *See Ex parte Hodge*, 611 S.W.2d 468, 469–70 (Tex.Civ. App.—Dallas 1980, no writ). We need not decide the extent of its application because the court properly concluded that the notice satisfied due process.

■ The court was justified in concluding that the arbitrators found that service on Pletcher supplied necessary notice to Brozo. Rule 614 allows representation by an attorney at any stage of the proceeding, but none of the remainder of the excerpted NYSE rules details the implications of that representation. For instance, the rules do not state whether sending notice to a party's attorney is tantamount to sending notice to the party, nor do they set out how an attorney must go about withdrawing from representation before the NYSE. The federal rules of civil procedure state that every pleading, motion, or paper subsequent to the original petition shall be served on the attorney of a party represented by counsel. FED. R.CIV.P. 5(a–b). The local rules of the United States District Court for the Southern District of Texas require a motion and order to effect withdrawal of counsel. S.D.TEX.R. 2(D). Texas has similar rules. TEX.R.CIV.P. 10 (withdrawal) and 21a (service on attorney). Under the Texas rule, when an attorney wants to withdraw and is not being replaced by another attorney, the attorney must provide in the motion to withdraw the party's last known address and all pending settings and deadlines. TEX.R.CIV.P. 10. When the motion is granted, the withdrawing attorney must immediately notify the party in writing of any additional setting or dead-

---

**3.** Rule 622 provides, "The arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code which interpretation shall be final and binding upon the parties."

lines. *Id.* Under this rule, notice of trial sent to the attorney of record, who then states that he is no longer the party's attorney but does not withdraw, is effective notice of the trial setting to the party. *Curtis v. Carey,* 393 S.W.2d 185, 188 (Tex.Civ.App.— Corpus Christi 1965, no writ). The state and federal rules are not binding in an NYSE arbitration, but they do show the framework within which courts assess service on and withdrawal of attorneys in judicial proceedings in Texas.

In the best of all possible worlds, the arbitrators, on receipt of Pletcher's notice of withdrawal, would have sent notice to Brozo's last known address. Of course, in such a world, Brozo and Pletcher would have notified the arbitrators that Pletcher did not represent him, and Pletcher would have notified Brozo of the hearing setting. The court did not err in refusing to hold the arbitrators to Candide's standard. The arbitrators, having no inkling of the split of Pletcher and Brozo, did as Pletcher had directed in his last correspondence—they sent notice of the hearing to Pletcher rather than Brozo. Notice of a hearing sent to a party's attorney of record is reasonably calculated to apprise the party of the hearing, particularly when the attorney has directed that correspondence be sent to him rather than his client. The court, in light of the concepts illustrated by the state and federal rules of procedure, was justified in determining that the arbitrators correctly concluded that they had sent effective notice of the hearing setting to Brozo. We find nothing in the record that creates a fact question on the issue or casts doubt on that conclusion. The court correctly found no basis to overturn the award. We overrule point one.

Point two fails on similar analysis. Brozo urges in point two that the court erred in granting summary judgment because there existed a genuine issue of material fact whether Shearson had properly notified Brozo of the date, time, and place of the arbitration hearing as required by Rule 613 and due process concerns. In addition to the above analysis, we note that any failure of notice under the rule was not Shearson's fault. Rule 613 does not specify who is to give

notice of the hearing. The fact that the rule specifies that the director of arbitration or the arbitrators shall determine the date, time, and place of the hearing indicates that the arbitrators, not the parties, bear this responsibility. We find that no fact issue challenges the court's finding that no basis existed to overturn the arbitrators' decision that the notice was sufficient. We overrule point two.

By point three, Brozo urges that the court erred in confirming the award because Fulkerson's affidavit was insufficient to support the summary judgment. The rule governing summary judgment requires that affidavits be made on personal knowledge, set forth facts that would be admissible evidence, and show that the affiant is competent to testify to the matters stated therein. TEX.R.CIV.P. 166a(f). In the affidavit, Fulkerson sets forth his competence and states that he has personal knowledge of each matter stated therein. He states as follows:

> In September of 1989, I represented Plaintiff Shearson Lehman Hutton, Inc. in a matter styled *In the Matter of the Arbitration Between Shearson Lehman Hutton, Inc. and James Brozo.* The arbitration was conducted on September 12, 1989 in Houston, Harris County, Texas, and resulted in an arbitration award being rendered against James Brozo. A true and correct copy of the arbitration award is attached to this Affidavit and incorpoated (sic) by reference as TAB 1.

Fulkerson goes on to detail the testimony at the hearing and to attach true and correct copies of exhibits he states were entered into evidence. He concludes by discussing his activities in seeking confirmation of the award.

Though, as the court noted in a letter to the parties, the affidavit may contain hearsay, it provides sufficient support for the granting of the motion. The key, unchallenged element of the affidavit is the verification of the true and correct nature of the copy of the arbitration award attached to the affidavit. Brozo's only challenge to the validity of the award itself was that the notice was insufficient; as discussed above, the court correctly affirmed the arbitrators' finding

that the notice was sufficient. The court, holding an otherwise unchallenged copy of an arbitration award, *did not need to consider the admissibility of the remainder of the* affidavit. The court correctly indulged every reasonable presumption in favor of the arbitration award and confirmed it. We overrule point three.

We affirm the judgment.