Affirmed and Memorandum Opinion filed February 27, 2007








Affirmed and Memorandum Opinion filed February 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00319-CV

____________

 

YING CHUN TAN, Appellant

 

V.

 

HUNG PIN LEE, Appellee

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 04-69217

 



 

M E M O R A N D U M   O P I N I O N

Ying Chun Tan appeals from the trial court=s final judgment
confirming an arbitration award favoring Hung Pin Lee.  In her sole issue, Tan
contends that the trial court erred in confirming the award because she did not
receive notice of the arbitration hearing.  We affirm.

Background








Lee brought his arbitration action against Tan and several
other defendants asserting securities fraud and related claims.  He filed the
action with the National Association of Securities Dealers, Inc. (NASD) by
filing a Statement of Claim on July 11, 2001.  All parties, including Tan,
signed a Uniform Submission Agreement, which stipulated that the arbitration
was to be conducted under the NASD Code of Arbitration Procedure.  Tan
subsequently filed a Statement of Answer on September 5, 2001.  Three pre-hearing
conferences were held before either the whole panel or the chairperson.[1] 
Tan averred that these were telephone conferences and acknowledged
participating in them.[2] 
She stated that during the final pre-hearing conference, she was told that the
arbitrators would be in touch with her to let her know when the arbitration
hearing would take place.  The record contains two letters, dated April 17,
2003, and August 28, 2003, from a NASD staff attorney to Tan stating that the
arbitration hearing would commence on September 30, 2003, and that additional
sessions may occur on October 1 and 2, 2003.  Also in the record is a separate
letter from a different NASD staff attorney, stating that a hearing
notification letter was mailed to Tan on August 28, 2003, and that the letter
was not returned as undelivered.

The arbitration award states that hearing sessions occurred
on September 30 and October 1, 2003.  The arbitrators found that although Tan
was properly served with the Statement of Claim and with due notice of the
hearing, she failed to appear at the hearing and, pursuant to the NASD Code of
Arbitration Procedure, the hearing proceeded without her.  The arbitrators
determined that Tan and one other defendant were liable to Lee and ordered
them, jointly and severally, to pay him $100,265.68 in compensatory damages and
$22,925 in attorney=s fees, witness= fees, and costs.








Lee subsequently filed his application for confirmation of
the award with the district court.  Tan answered, alleging, among other things,
that the lack of notice of the arbitration hearing: (1) violated NASD rules,
(2) violated her right to due process under the United States and Texas
constitutions, and (3) runs counter to the concept of notice embodied in the
Texas Rules of Civil Procedure.[3] 
Tan then filed a Motion for Summary Judgment, raising the same notice arguments
as raised in her answer.  The only evidence attached to Tan=s motion was an
excerpt from the NASD Code regarding notice and Lee=s responses to the
requests for admissions, wherein Lee admitted that he did not give notice to
Tan of the arbitration hearing.[4] 
Lee meanwhile filed a Motion to Confirm Arbitration Award.  In its final
judgment, the trial court denied Tan=s Motion for
Summary Judgment and granted Lee=s Motion to
Confirm the Arbitration Award.  The trial court awarded damages to Lee
precisely as the arbitration award had: $100,265.68 in compensatory damages and
$22,925 in attorney=s fees, witness= fees, and costs.

In her Motion for New Trial, Tan repeated her summary
judgment arguments, and she again attached the NASD Code excerpt and Lee=s responses to the
requests for admissions.  She additionally attached her own affidavit, stating
that she never received notice of the arbitration hearing date from either NASD
or Lee=s attorney.  She
said that she Awould not have defaulted on the arbitration hearing if
she had known about it.@  At a hearing on the motion, Tan further
testified that she moved five or six months before the hearing date.  She said
that she left a forwarding address with the post office to have her mail sent
to a P.O. Box.  She further asserted that she knows that some of her mail was
not forwarded because certain bills she did not receive became past due.  She
acknowledged that she never informed NASD of her move or her new address.  At
the close of the hearing, Tan=s attorney argued that notice of the
hearing was improper under the Texas Arbitration Act (ATAA@).  Tex. Civ. Prac. & Rem. Code Ann. ' 171.001-.098
(Vernon 2005).  Defense counsel objected that this argument had not been
previously made.  The trial court indicated that it would take the issue under
advisement.  The court denied the Motion for New Trial.








Analysis

In her single issue on appeal, Tan contends that the trial
court erred in confirming the arbitration award because she did not receive
notice of the hearing date as required by the TAA and the NASD Code of
Arbitration Procedure.  She
further argues that the lack of notice violated her due process rights under
the 14th Amendment to the United States Constitution.  U.S. Const. amend. XIV.  We review a
trial court=s order confirming an arbitration award under a de
novo standard.  GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd., 126 S.W.3d
257, 262-63 (Tex. App.CSan Antonio 2003, pet. denied).  The scope
of our review is extraordinarily narrow, and we indulge every reasonable
presumption in favor of upholding the arbitration award.  Id.








We begin by noting that because the parties entered into
the Uniform Submission Agreement, thereby agreeing to proceed under NASD
procedures, the hearing notice provision of the TAA, section 171.044, does not
apply to this case.  The section itself begins:  AUnless otherwise
provided by the agreement to arbitrate, the arbitrators shall set a time and
place for the hearing and notify each party.@  Tex. Civ. Prac. & Rem. Code Ann. ' 171.044(a).[5] 
Additionally, section 171.001 provides generally that written agreements to
arbitrate are valid and enforceable.  Id. ' 171.001(a). 
Indeed, courts have consistently held that when parties agree to arbitrate
under certain rules, they are bound by those rules.  See, e.g., In re
Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 574 (Tex. 1999) (orig.
proceeding) (holding that by agreeing to arbitrate under certain rules the
parties were bound by those rules); In re Scott, 100 S.W.3d 575, 579 
(Tex. App.CFort Worth  2003, orig. proceeding) (holding that
agreement to abide by NASD arbitration rules obligated party to arbitrate under
those rules); In re Neutral Posture, Inc., 135 S.W.3d 725, 729 (Tex.
App.CHouston [1st
Dist.] 2003, orig. proceeding) (AThe choice of
particular arbitration rules by the parties in an agreement to arbitrate binds
the parties to the provisions of those rules . . . .@); In re John
M. O=Quinn, P.C., 155 S.W.3d 195,
201 (Tex. App.CTyler 2003, orig. proceeding) (AOnce the parties
specify which rules govern arbitration, they are bound by those rules. 
Furthermore, the trial court has no discretion to modify or otherwise
contravene the specified rules.@).[6] 
Here, the parties all signed the Uniform Submission Agreement, thereby agreeing
to arbitrate under the NASD Code of Arbitration Procedure.  As will be
discussed below, the NASD Code contains its own rules regarding notice. 
Accordingly, the hearing notice issue was not governed by the TAA.

We next turn to the NASD Code of Arbitration Procedure. 
Tan contends that section 10315(a) of the NASD Code requires notice of hearing
by personal service, registered mail, or certified mail.  We read the section
in question as more specific.  It states in relevant part:








The Director shall determine the
time and place of the first meeting of the arbitration panel and the parties,
whether the first meeting is a pre-hearing conference or a hearing, and shall
give notice of the time and place at least 15 business days prior to the date
fixed for the first meeting by personal service, registered or certified mail
to each of the parties unless the parties shall, by their mutual consent, waive
the notice provisions under this Rule. The arbitrators shall determine the time
and place for all subsequent meetings, whether the meetings are pre-hearing
conferences, hearings, or any other type of meetings, and shall give notice as
the arbitrators may determine.  Attendance at a meeting waives notice thereof.

NASD Code of Arbitration Procedure ' 10315(a).  In her
affidavit, Tan acknowledged that she participated in the first three meetings,
which were apparently pre-hearing conferences conducted by telephone conference
call.[7] 
Thus, under section 10315(a), notice of the hearing itself was to be given as
determined by the arbitrators.  Lee contendsCand the record
supports the conclusionCthat the arbitrators determined to give
notice by regular mail.  The record further supports the conclusion that such
notice was given.  Specifically, the record contains not only the
aforementioned language in the award but also two letters from NASD to Tan
informing her of the hearing dates and a third letter from NASD explaining that
a hearing notification letter was mailed to Tan and was not returned as undelivered. 
In the award, the arbitrators found that Tan Areceived due
notice of the hearing.@  See Brozo v. Shearson Lehman, Hutton,
Inc., 865 S.W.2d 509, 511 (Tex. App.CCorpus Christi
1993, no pet.) (deferring to arbitrators= finding regarding
whether notice was sufficient under New York Stock Exchange arbitration
rules).  Accordingly, we find that notice was properly provided under the NASD
Code.








Tan additionally argues that the evidence regarding notice
being sent by regular mail creates only a rebuttable presumption of notice. 
She asserts that once she denied ever having received notice, the presumption
vanished.  In making this argument, she references two cases discussing Rule
4(a)(6) of the Federal Rules of Appellate Procedure; (Nunley v. City of Los
Angeles, 52 F.2d 792 (9th Cir. 1995), and Cote v. Chase, 914 F.
Supp. 739 (D.N.H. 1996)); a case involving mailed notice of a product defect (Warfield
v. Byron, 436 F.3d 551 (5th Cir. 2006)); and a case involving a
cancellation notice from an insurance company (Anchor Cas. Co. v. Crisp,
346 S.W.2d 364 (Tex. Civ. App.CAmarillo 1961, no writ)).  We do not
believe these cases to be sufficiently on point to be persuasive.  Other
authority, more directly on point, holds that notice of an arbitration hearing
by regular mail is sufficient to demonstrate that due notice was given when the
arbitration rules permit such service, even in light of a party=s denial that
notice was received.  See Gingiss Intern=l, Inc., v. Bormet, 58 F.3d 328, 332-33 (7th Cir. 1995)[8];
see also Brozo, 865 S.W.2d at 511 (rejecting claim that notice to
attorney was insufficient even in light of claim that party did not receive
notice); Gen.
Universal Sys., Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
No. 14-01-00509-CV, 2003 WL 1884198, at *1-2 (Tex. App.CHouston [14th Dist.] 2003, no pet.)
(rejecting claim that notice by regular mail was insufficient under applicable
arbitration rules, but it is unclear whether party received actual notice).  Furthermore, the
notion that service under the chosen rules creates only a rebuttable
presumption of notice runs counter to the widely cited principle that once
parties choose certain arbitration rules, they are bound by those rules.  See,
e.g., In re Oakwood Mobile Homes, 987 S.W.2d at 574; In re John
M. O=Quinn, P.C., 155 S.W.3d at
201.  Accordingly, we hold that Tan=s denial of
receipt did not render service by regular mail insufficient.








Lastly, we address Tan=s assertion that
the manner of notice violated her constitutional rights to due process.  We
recognize that A[a]n elementary and fundamental
requirement of due process in any proceeding which is to be accorded finality
is notice reasonably calculated, under the circumstances, to apprise interested
parties of the pendency of the action and afford them the opportunity to
present their objections.@  Mullane v. Cent. Hanover Bank &
Trust Co., 339 U.S. 306, 314 (1950).  However, we do not believe that this
general statement of legal principles applies to this notice of an arbitration
hearing; the parties agreed to be bound by a particular set of rules, and
notice was effected according to those rules.  See Brozo, 865 S.W.2d at 511.  Tan does not
make any specific arguments regarding whether the notice in this case was
reasonably calculated to apprise her of the suit.  Instead, she appears to rely
on her contention that because the notice did not satisfy the requirements of
the TAA and the NASD Code, her due process rights were violated.[9] 
Because we hold above that the TAA does not apply to this case and notice was
sufficient under the NASD Code, we find Tan=s due process arguments
to be without merit.  Accordingly, we overrule Tan=s sole issue.[10]

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Memorandum Opinion/Opinion filed February 27, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.       









[1]  The arbitration award reflects that these
conferences occurred on March 20, 2002, October 10, 2002, and April 16, 2003.





[2]  Tan made these statements in an affidavit attached
to her Motion for New Trial.





[3]  The arbitration co-defendant, who was also held
liable, also answered in the trial court but is not a party to this appeal.





[4]  In the motion, Tan argued that under NASD rules,
plaintiff=s counsel is responsible for notifying the defendants
of the continuation of a hearing.  Tan does not make this argument on appeal.





[5]  The majority of the sections of the TAA governing
arbitration proceduresCas opposed to governance of trial court proceedings to
compel or stay arbitration or to confirm, modify, or vacate an arbitration
awardCcontain similar language deferring to the parties= agreement in the event that it references different
procedures.  See Tex. Civ. Prac. & Rem. Code Ann. ' 171.041, .042, .043, .045, .046, .047, .053, .055.  The remaining sections governing arbitration
procedure primarily either grant certain power to the arbitrators (see sections
171.049 (arbitrators may administer witness oaths), 171.050 (arbitrators may
authorize depositions), 171.051 (arbitrators may issue subpoenas), and 171.054
(arbitrators may modify or correct an award)); or protect certain rights (see
sections 171.048 (ensuring a party=s
right to be represented by an attorney) and 171.052 (requiring fees for
third-party witnesses)).  This statutory scheme evidences a clear legislative
intention to defer to the parties=
agreement in matters of arbitration procedure, with parties free to choose the
TAA as controlling, to choose other law as controlling, or to not choose and
allow the TAA (or other law) to control by default.





[6]  Lee suggests that because this case involves
securities transactions, the arbitration was governed by the Federal
Arbitration Act (AFAA@) instead of
the TAA.  9 U.S.C.A. ' 1-16 (West 1999).  However, federal courts are
consistent in holding that FAA procedures do not apply when the parties have
agreed to arbitrate under other rules.  See, e.g., Volt Info. Sciences, Inc.
v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479
(1989) (A[P]arties are generally free to structure their
arbitration agreements as they see fit. . . . [They may] specify by contract
the rules under which that arbitration will be conducted.@); Gingiss Intern=l, Inc., v. Bormet, 58 F.3d 328, 332-33 (7th Cir. 1995) (holding that notice of hearing
sent via regular mail was sufficient under American Arbitration Association=s Commercial Arbitration Rules, which the parties had
agreed to be bound by, despite the fact that state law required notice by
registered mail or personal service).





[7]  The NASD Code expressly permits pre-hearing
conferences to be conducted by conference call.  See NASD Code
of Arbitration Procedure
' 10321(d)(1).





[8]  Tan argues that Gingiss is distinguishable
from the present case because, according to Tan, the appellants in Gingiss
argued that they did not receive proper notice while Tan asserts that
she did not receive any notice at all.  However, the court in Gingiss
clearly points out that the appellants claimed to have not received Aactual notice@;
thus, Tan is incorrect about the facts of the case.  58 F.3d at 332.  Tan
further asserts that Gingiss is distinguishable because four mailings
were sent to the appellants in that case and Tan asserts here that only one
mailing was attempted.  We are unpersuaded by this distinction.  First, the
record reflects that two letters were sent to Tan regarding the hearing date. 
Second, the court in Gingiss does not rely on the number of attempts in
holding that sufficient notice was undertaken.





[9]  None of the due process cases cited by Tan are
particularly relevant to the issues in the present case.  See Villareal v.
San Antonio Truck and Equip., 994 S.W.2d 628, 630-33 (Tex. 1999) (reversing
dismissal for want of prosecution where notice of hearing did not adequately
apprise party of intent to dismiss); LBL Oil Co. v. Int=l Power Serv., Inc., 777 S.W.3d 390, 390-91 (Tex. 1989) (reversing default judgment
because party had no actual or constructive notice of trial setting); Hubert
v. Ill. State Assistance Comm=n, 867 S.W.2d 160, 163 (Tex.
App.CHouston [14th Dist.] 1993, no writ) (reversing
dismissal for want of prosecution where record did not reflect notice and party
denied receipt of notice without contradiction).





[10]  Because of our holding on Tan=s substantive issue, we need not consider Lee=s appellate contention that Tan failed to timely apply
to vacate the arbitration award.